UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ELBERT LESTER WILLIAMS,

v.  Case No.   8:92-cr-141-T-17MAP
                        8:06-cv-159-T-17MAP

UNITED STATES OF AMERICA.

_____/

### ORDER

This cause is before the Court on Defendant Elbert Lester Williams' successive motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255. (Doc. cv-1; cr-484). Williams is represented by counsel.

Williams contends that the present filing is not a successive motion to vacate. However, this Court disagrees, based on the entire record, and especially on the order entered by the United States Court of Appeals for the Eleventh Circuit on April 14, 2004, in which the Eleventh Circuit stated: "If appellant wishes to file a second 28 U.S.C. § 2255 motion, he must seek leave to do so by filing an application in this Court." (Doc. No. 459).

Pursuant to 28 U.S.C. §§ 2255 and 2244(b)(3)(A), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, federal prisoners who want to file a second or successive motion to vacate, set aside, or correct a sentence must move the court of appeals for an order authorizing the district court to consider the second or successive motion. See 28 U.S.C. § 2244(b)(3)(A). A three-judge panel of the court of appeals, § 2244(b)(3)(B), may authorize the filing of a second or successive motion only if it

determines that the motion contains claims which rely on either: (1) newly discovered evidence that, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255. See In re Blackshire, 98 F.3d 1293 (11th Cir. 1996).

Defendant Williams has not fulfilled the requirements of the statutes as set out above. Accordingly, Defendant's successive 28 U.S.C. § 2255 motion to vacate (Doc. cv-1; cr-484) is denied. The Clerk is directed to enter judgment against Williams in the civil case and to close that case.

ORDERED at Tampa, Florida, on FEBRUARY 6th, 2006.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Counsel of Record